BARNS, PAUL D., Associate Judge.
From a final decree for the defendants in a suit to quiet title based on a tax deed, the plaintiffs (appellants) bring this appeal. We affirm.
In October, 1961, Richard Hayes bought the subject property for $65,000.00, and made a down payment of $18,500.00 and gave a purchase-money mortgage to secure the balance, which mortgage encumbered the property at the time of the giving of the tax deed.
The subject property was sold at tax sale on August 4, 1964, and bought in by Ronald I. Baron. Appellee, Richard Hayes, submitted a check to the clerk of the court prior to the date of tax sale in the sum of $364.05. Said check was dated July 25, 1964. This check was returned for an insufficient amount because the sum due was $418.14. After the check was mailed to the clerk, the appellees, Hayes, went on vacation. After return from vacation, the ap-pellees, Hayes, found that the check had been returned because it was not the correct amount and that the property had been sold at public sale during their absence. The taxes on the property had been paid for all years prior to 1961 and all years subsequent to 1961. The appellees, Hayes, are still in possession of the property on which a fruit stand is located and are still doing business on the subject property under the name of Gordy Groves. The appellants paid $4,800.00 for the tax deed which sum is still held by the clerk of the circuit court.
The appellees, Hayes, received the copy of the tax deed application, but there was not included the “warning statement” as required by Section 194.18(1), F.S.1965, F.S.A.
The notice of application for tax deed published by the clerk pursuant to Section 194.16, F.S.196S, F.S.A., was as follows:
“NOTICE OF APPLICATION FOR TAX DEED
“Notice is hereby given that L. N. Del-lerman holder of tax certificate Nos. 5, 13, 122, 126, 131, 248, 265, 284, 288, 341, and 354 issued the 1st day of June, A.D. 1962, has filed same in my office and has made application for a tax deed to be issued thereon. Said certificates embrace the following described property in the County of Indian River, State of Florida, to-wit:
“Lot 2, Blk 13, Townsite of Roseland
“Lot 40, Blk 1, Hall, Carter and James Sub.
“Lot 5, Blk 1, Spruce Park Sub.
“N 12 ft of Lot 3, Blk 5, Spruce Park Sub.
“Lot 30, Espy’s Sub.
“Beg at SE cor of NW1/4 of SE1/4 run N 919.9 ft W 173.4 ft, S 680.7 ft, W 544.2 ft, SELY 247.8 ft along D/H E 653.5 ft to beg, less lot in SW cor as in D Bk 112, pp 192, Sec. 13, Twp. 33 S., Rge. 39E.
“Lots 1 & 2, Blk F, Vero Beach Home-sites Unit No. 1
“E 65 ft of N 150 ft of S 180 ft of Sl/2 of E 1/2 of E 1/2 of SE 1/4 of SW 1/4 Sec. 24, Twp. 33 S., Rge. 39E.
“Lot 56, Dixie Gardens Unit No. 2
“Lot 4, Blk 4, Grovernor Estates No. 1
“That part lying E of E R/W line of US HWY No. 1 of N 25 A of NW1/4 of SE1/4, Sec. 31, Twp. 33 S., Rge. 40E.
*464 “The assessment of said property under the said certificates issued were in the names of ‘Converse Marble’, ‘Lenore Hicks’, ‘Rachel Pinkney, Admx.’, ‘Viola and James Haynes’, ‘Sarah Hart Con-yeus’, ‘J. E. Groover and Ernest W. Smith’, ‘William Corey’, ‘Howard Wright’, ‘Vero Beach Homelands, INc.’, ‘Samuel Richard’ and ‘Richard Hayes’. Unless said certificates shall be redeemed according to law, the property described therein will be sold to the highest bidder at the Court House door on the first Monday in the month of August, 1964, which is the 3rd., day of August, 1964.
“Dated this 29th., day of June 1964.
/s/ Douglas Baker Clerk of the Circuit Court of Indian River County, Florida
“Publish: July 2, 9, 16, 23 and 30, 1964.”
Section 194.16, F.S.1965, F.S.A., provides that upon receipt of application for a tax deed by a holder of a tax certificate sold for the nonpayment of taxes, the form of the notice shall be “in substantially the following form”, viz:
“ FORM OF NOTICE NOTICE OF APPLICATION FOR TAX DEED
“ Notice is hereby given that _, the holder of the following certificates has filed said certificates for a tax deed to be issued thereon. The certificate numbers and years of issuance, the description of the property, and the names in which it was assessed are as follows: Certificate No_Year of Issuance_ Description of Property_ Name in which assessed_ (If more than one certificate, follow above order for each additional certificate.) “ All of said property being in the County of_, State of Florida. “ Unless such certificate or certificates shall be redeemed according to law the property described in such certificate or certificates will be sold to the highest bidder at the court house door on the first Monday in the month of-, 19-, which is the_day of_, 19_ “ Dated this_day of_, 19_ Clerk of Circuit Court of _County, Florida.”
Section 194.18, F.S.1965, F.S.A., further provides that the clerk of the circuit court to whom the application for tax deed is made shall mail a copy of the “Notice of Application for Tax Deed” as published to the owner of the property as it may “ * * * appear on the tax roll for the year in which taxes were last extended on such property * * * and the clerk shall enclose with every copy mailed a statement as follows: Warning, property in which you are interested is listed in the copy of the enclosed notice’; * * * ” This warning notice was not sent to the owner, Hayes, with the copy of the published notice of tax deed application.
The form of notice of application for tax deed as prescribed by Section 194.16, F.S.1965, F.S.A., provides that description of the property should be followed with the *465 name of the person in whom it was last assessed. Since the statute permits multiple applications based on multiple tax certificates to be joined, it is reasonable to assume that the law contemplated that the clerk would place the name of the owner in reasonable proximity to the described property for purposes of accuracy and certainty for the benefit of the owner. To do so avoids confusion and uncertainty and leaves little room for inference. As will be noted, the notice in the instant case did not meet the foregoing standards and was uncertain and left much for inference as to who was the owner of the subject property.
Since the foregoing standards were not met, which when considered together with the fact that the above mentioned warning notice was not given, it is clear that such failures were reasonably conducive to causing the owner’s delay in ascertaining the correct amount of money needed to redeem the property and the error in remitting an erroneous amount in payment.
The decree appealed from is affirmed.
CROSS and REED, JJ., concur.